CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 7 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY LEON YOUNG, ) | |
|     Petitioner, ) | Civil Action No. 7:07-cv-00295 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LORETTA KELLY, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Court Judge |

Gregory Leon Young, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Young challenges the validity of his convictions in the Circuit Court of the City of Danville. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2004, Young was convicted in the Circuit Court of the City of Danville of robbery and was subsequently sentenced to a total term of imprisonment of 60 years. Young appealed his conviction in the Court of Appeals of Virginia, raising two grounds.[1] Finding no reversible error, the Court refused Young's appeal on February 23, 2005, and a three-judge panel adopted the decision on April 20, 2005. Young further appealed to the Supreme Court of Virginia, which denied his petition on September 28, 2005.

On October 2, 2006, Young filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging that his appellate counsel was ineffective for failing to assign error to a jury instruction given at trial. The Court dismissed his petition on March 29, 2007, holding that it was

---

[1] Young contended that the evidence was insufficient to support an identification of Young as the perpetrator. Young also alleged that a police detective should not have been allowed to refer to other crimes that the police suspected Young of committing.

untimely filed pursuant to Virginia Code § 8.01-654(A)(2).[2]

Young filed the instant petition on May 20, 2007, attacking the validity of his conviction and arguing the following ground:

> Petitioner's Fourteenth Amendment right to due process was violated when the trial court upheld Petitioner's robbery conviction when the Commonwealth's evidence was insufficient to identify Petition as the person who committed the robbery.

Respondent moved to dismiss Young's petition on July 10, 2007, contending that it is barred by the statute of limitations and, alternatively, that the decision on the merits made by the Court of Appeals of Virginia on direct appeal is entitled to deference. Young responded on July 30, 2007, and the petition is now ripe for review. The court will include additional facts in its discussion as necessary.

## ANALYSIS

Young's claims are barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final upon the expiration of the time for seeking direct review.

Young's direct appeal concluded on September 28, 2005, when the Supreme Court of Virginia denied his petition, and his time for seeking direct review in the United States Supreme Court expired 90 days thereafter. Therefore, Young's conviction became final on December 27,

---

[2] Virginia Code § 8.01-654(A)(2) states, in pertinent part, "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."

2

2005, and he had one year from that date to challenge the judgment in a federal habeas petition, subject to tolling for the period when a properly filed state collateral review proceeding was pending. Young, however, is not entitled to any statutory tolling, as his state habeas petition was untimely and, therefore, not "properly filed." See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Young did not meet this December 27, 2006, deadline; in fact, he missed the deadline by nearly five months when he filed the instant petition on May 20, 2007. Accordingly, Young's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Young has made no such demonstration.

Young's sole contention that equitable tolling of the statute of limitations is available and proper is that he is actually innocent of the crime for which he was convicted. Claims of actual innocence must be based on "reliable evidence not presented at trial." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). This court must evaluate the credibility of the new evidence, and then consider it in conjunction with the trial record and other available evidence. Id. at 244; see also O'Dell v. Netherland, 95 F.3d 1214, 1250 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997).

In the instant petition, however, Young puts forth no new evidence that was not presented

---

[3] Equitable tolling is available only in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (citing Harris v. Hutchinson, 209 F.3d 325, 330)(4th Cir. 2000)), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id.

3

at trial; he merely asserts that he was misidentified at trial as the perpetrator of the crime. Review of the record reveals that, at trial, Young was identified by two eyewitnesses to the crime, his vehicle was identified as the vehicle leaving the scene of the crime, and the jury had the opportunity to view photographs of the perpetrator taken by the bank's surveillance camera. As Young has provided no new evidence, and nothing suggests that the numerous pieces of identification evidence adduced at trial were anything less than credible, the court finds it wholly reasonable for a jury to convict Young. The court finds that Young has not shown it to be more likely than not that no reasonable juror would have convicted him and, therefore Young has not demonstrated grounds sufficient for this court to apply equitable tolling.

Moreover, even assuming <u>arguendo</u> that equitable tolling is proper and Young's petition is not time-barred, the decision made by the Court of Appeals of Virginia on the merits of the claim is entitled to deference by this court as it is neither contrary to, nor an unreasonable application of, clearly established federal law, nor was the decision based upon an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d)(1)-(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 376-77 (2000). Accordingly, the petition is barred by the statute of limitations and must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 7th day of August, 2007.

_____
United States District Judge

4